```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:05-CV-00196 |
| Plaintiff, | : |  |
| v. | : | **OPINION AND ORDER** |
| CONTENTS OF NATIONWIDE LIFE INSURANCE ANNUITY ACCOUNT No. 0961 IN THE NAME OF STEVE E. WARSHAK, et al., | : |  |
| Defendants. | : |  |

This matter is before the Court on Claimant Steven Warshak's Motion to Reconsider, Amend, and Vacate Order Staying Case and Denying Due Process Hearing (doc. 214), the government's Response in Opposition (doc. 217), and Claimant's Reply (doc. 219). Also before the Court is the government's Response to the Court's Inquiry at December 27, 2006 Conference (doc. 216), and Warshak's Reply (doc. 218).

**I. Claimant's Motion for Reconsideration (doc. 214)**

Warshak asks the Court to reconsider its Order staying this case, because he is "fully willing to assume the risks and burdens of invoking the Fifth Amendment if called as a witness during a Due Process hearing" (doc. 214). Claimant argues that because the Court appeared to rely on an understanding that he was concerned about being called as a witness, and he is not, the Court should vacate its Order and permit this matter to proceed (Id.).

The United States responds that the Court should deny Claimant's motion because there was no clerical error per Fed. R. Civ. P. 60(a), because Rule 60(b) does not provide statutory basis for the reconsideration of non-final judgments or orders, and even if it did, Warshak's motion fails to meet the requirements of the Rule (doc. 217). The government notes that though Warshak's motion is premised on the theory that the Court issued its Order based on concerns about his Fifth Amendment rights, the Court also noted concerns about Claimant gaining information in this civil case about who could be testifying against him in the criminal matter (Id.).

The Court finds no basis to reconsider its decision staying this and the other related civil cases. Having reviewed the statements of the Defendants in the criminal matter who have pleaded guilty to the charges in indictment, the Court is convinced this is a very serious criminal matter. The Court premised its decision to stay the civil matters on much more than concerns for Mr. Warshak's risks and burdens of invoking Fifth Amendment rights. As the government correctly argues, the Court is also very concerned about Defendants in the criminal case using this civil case as a back door method to obtain discovery outside the scope of Fed. R. Crim. P. 16.

2

**II. The Government's Response Concerning an Accounting (doc. 216)**

In its December 27, 2006 Opinion and Order, (doc. 213), the Court found it appropriate to request from the government an accounting concerning the location of the frozen assets, and the interest, if any, that has accrued to date. The United States filed its Response on January 22, 2007 (doc. 216). The Court has reviewed such Response and is satisfied with the government's accounting and explanation.

Claimant filed a Reply, in which he reiterates that he has "substantial civil tax liabilities that could be abated if the Due Process hearing demonstrated that some or all of the seized property was not shown to be forfeitable." (doc. 218). Claimant further requested the Court to reconsider its decision denying him a hearing (Id.).

The Court finds no merit in Claimant's argument that he cannot pay his tax liability absent the funds seized by the government. As indicated above, the interests of justice militate for the stay of this civil matter pending the disposition of the criminal proceedings.

**III. Conclusion**

The Court finds no basis to reconsider its December 27, 2006 Order Staying this and the other Warshak-related civil

3

matters.  Accordingly, the Court DENIES Claimant's Motion for Reconsideration (docs. 214, 218).

      SO ORDERED.

Dated: March 1, 2007        <u>s/S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge