UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, : NO. 1:05-CV-00196
:
v. : **OPINION AND ORDER**
:
CONTENTS OF NATIONWIDE LIFE :
INSURANCE ANNUITY ACCOUNT :
No. 0961 IN THE NAME OF :
STEVE E. WARSHAK, et al. :

This matter is before the Court on the government's Motion for Summary Judgment (doc. 246), Claimant Steven Warshak's Response in Opposition (doc. 248), Claimant Harriet Warshak's Response in Opposition (doc. 249), Carri Warshak's Response In Opposition, Individually, and as Guardian, Mother, and Next Friend of Her Minor Children (doc. 250), and the government's Reply (doc. 252).

**I. BACKGROUND**

The Court lifted the stay in this matter (doc. 221), subsequent to the completion of the related criminal trial in which the jury found many of the criminal Defendants' assets were linked to the criminal activity of which they were found guilty, and/or the assets were involved in or traceable to money laundering activity. <u>United States v. Warshak, et al.</u>, No. 1:06-CR-00111. There is no dispute that Defendants 1-5 and 7-14 in this civil forfeiture case are among such assets. There is further no

genuine dispute that Defendant 6, a U.S. Bank Checking Account No. 5066 in the name of Carri Warshak, contains funds transferred by Steven Warshak that served as the basis for his criminal money laundering convictions on Counts 103 and 104 of the Indictment.

In its motion, the government argues that all of the assets in this matter are forfeitable, and that Steven Warshak, Harriet Warshak, and TCI Media, Inc. ("TCI"), are all collaterally estopped by the judgment in the criminal case from contesting this forfeiture action (doc. 246). In the alternative, the government argues the Warshaks and TCI cannot establish they are innocent owners (Id.). The government further contends that Dr. Carri Warshak ("Dr. Warshak") cannot establish she had an ownership interest prior to the criminal activity giving rise to this forfeiture action under 18 U.S.C. § 983(d)(2) or that she is a bona fide purchaser for value under 18 U.S.C. § 983(d)(3). Finally, the government argues the Class Action Claimants David Parker, Jeff Smith, Teresa Biggers and Daniel Ripple cannot establish they are the beneficiaries of a constructive trust, and therefore lack standing to contest this forfeiture action (Id.). Claimants Steven Warshak, Harriet Warshak, and Dr. Warshak responded to the government's motion, such that this matter is now ripe for the Court's consideration.

**II. ANALYSIS**

**A. The Summary Judgment Standard**

Although a grant of summary judgment is not a substitute

for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at

378; Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant

probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at

5

587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**B. Discussion**

In the companion civil forfeiture in rem case, United States v. Contents of Smith Barney Citigroup Account No. 3419 in the Name of Harriet Warshak, No. 1:06-CV-00185, the Court concurrently issues today an Order, which it hereby incorporates by reference. The Court need not reproduce here the identical analysis of the same arguments raised by the Warshaks and the government in Contents of Smith Barney. For the same reasons expressed therein, the Court finds Claimants Steven Warshak, Harriet Warshak, and TCI collaterally estopped from contesting this action. (No. 1:06-CV-185, doc. 119, citing United States v. Beaty, 245 F.3d 617, 624 (6th Cir. 2001)). The Court similarly finds the Warshaks' arguments regarding affirmative defenses lacking in merit. Finally, the Court finds the Class Action Claimants, who filed no Response, have legal remedies which foreclose their ability to assert claims in this action.

Dr. Warshak raises arguments with relation to Defendants 3, 4, and 7, the QTIP Trust, the Gift Trust, and Account 8440, (doc. 240), which the government argues are moot, (doc. 252), by

6

virtue of the Court's February 5, 2009 Order in the criminal case. In such Order the Court found that Steven Warshak was unable to make a valid transfer of the property contained in such accounts, such that Dr. Warshak obtained no valid interest as to such accounts (Case No. 1:06-CR-00111, doc. 753). The Court finds the government's position well-taken, and need not address Dr. Warshak's arguments as to Defendants 3, 4, and 7. For the same reasons, the Court finds Dr. Warshak has no valid interest to assert with regard to Defendant 2, which was also generated by Steven Warshak's criminal activity.

Dr. Warshak further asserts a claim to Defendant 6, arguing that her income from U.C. San Diego and other hospitals was directly deposited to such account (doc. 250). The United States does not dispute such fact, but provides a detailed accounting showing that all but $2,860.45 of the funds in Defendant 6 were proceeds of Steven Warshak's criminal scheme to defraud (doc. 252). Citing United States v. Jamieson, 427 F.3d 394, 404 (6th Cir. 2005), the government argues that where tainted funds are commingled wtih untainted funds, all the funds are attributable to a money laundering scheme and are forfeitable (Id.). The Court finds the government's position well-taken, and concludes there is no genuine dispute that Defendant 6 is forfeitable in its entirety.

### III. CONCLUSION

The Court finds Claimants Steven Warshak, Harriet

Warshak, and TCI collaterally estopped from contesting this civil forfeiture action by virtue of the outcome in the related criminal case, No. 1:06-CR-00111. United States v. Beaty, 245 F.3d 617, 624 (6th Cir. 2001). The Court finds no dispute that Defendants 1-5 and 7-12 were funded exclusively by proceeds of the scheme to defraud, and that Defendant 6 is comprised of funds the overwhelming majority of which emanated from the scheme to defraud.

The Court concludes that Dr. Warshak has failed to establish an interest in any of the assets superior to that of the government, United States v. Hooper, 229 F.3d 818 (9th Cir. 2000), and that such portion of Defendant 6 attributable to her earnings, $2,860.45, is properly forfeitable for having been commingled with tainted funds by Steven Warshak. The Class Action Claimants, who filed no Response, have legal remedies that foreclose their assertion of claims in this matter.

Accordingly, the Court GRANTS the government's Motion for Summary Judgment (doc. 246) as to each of the Defendants and against each of the claimed interests, and FINDS that Defendants 1 through 14:

> the Contents of Nationwide Life Insurance Company Annuity Account No. XXX0961 in the name of Steve E. Warshak (Defendant 1); the Contents of National Financial Services, LLC/Equity Services Inc. Account. No. XXX133 in the name of Steve E. Warshak. TOD Carri Warshak (Defendant 2); the Contents of National Financial Services, LLC/Equity Services Account. No. XXX671 in the name of Paul J. Kellogg TTEE, The Carri E. Warshak 2004 QTIP Trust U/A 10/1/04 (Defendant 3); the Contents of National Financial Services,

LLC/Equity Services Account. No. XXX680 in the name of Paul J. Kellogg TTEE, The Warshak 2004 Gift Trust U/A 10/1/04 (Defendant 4); the Contents of U.S. Bank N.A. Checking Account No. XXX4409 in the name of Steven Warshak (Defendant 5); the Contents of U.S. Bank N.A. Checking Account No.XXX5066 in the name of Carrie R. Warshak (Defendant 6); the Contents of Fifth Third Checking Account No. XXX8440 in the name of Steve Warshak or Carri Warshak MD (Defendant 7); the Contents of Fifth Third Checking Account No. XXX6526 in the name of TCI Media, Inc. c/o Steve Warshak (Defendant 8); the Contents of ING USA Annuity & Life Insurance Company Account No. XXX87-0W in the name of Harriet Warshak (Defendant 9); the Contents of Hartford Life Insurance Annuity Account No. XXX9413 in the name of Harriet Warshak (Defendant 10); the Contents of Life Insurance Company of the Southwest ("LSW") SPDA-5 Annuity Account No. XXX676X in the name of Steve Warshak (Defendant 11); the Contents of LSW SecurePLUS Platinum Annuity Account No. XXX677X in the name of Steve Warshak (Defendant 12); the Contents of First Colony Life Insurance Company Policy No. XXX584 (Defendant 13); and the Contents of Midland National Life Insurance Company Contract No. XXX028 in the name of Steve E. Warshak (Defendant 14);

are hereby FORFEITED pursuant to 18 U.S.C. § 981(a)(1)(A) as the Defendants constitute property involved in a money laundering transaction and/or constitute or were derived from proceeds traceable to violations of 18 U.S.C. 1341 (mail fraud), and § 1343 (wire fraud) under § 981(a)(1)(C) and are forfeitable. The Court DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: April 8, 2009   /s/ S. Arthur Spiegel
                       S. Arthur Spiegel
                       United States Senior District Judge